UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HUMBERTO MAIRENA,

    Petitioner,

v.                                              CASE NO. 6:11-cv-1766-Orl-36GJK

ATTORNEY GENERAL, STATE OF
FLORIDA, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response and a supplemental response to the petition for writ of habeas corpus (Doc. Nos. 10 & 17). Petitioner filed a reply and an amended reply to the response (Doc. Nos. 11 & 13) and a reply to the supplemental response (Doc. No. 19).

Petitioner alleges five claims for relief. For the following reasons, the petition is denied.

I.    *Procedural History*

Petitioner was charged with sexual battery of a person younger than twelve years of age. Petitioner proceeded to trial, was convicted, and sentenced to life in prison. The Fifth District Court of Appeal of Florida reversed the conviction and remanded the case for a new trial contingent upon a determination that Petitioner was competent to

proceed. *Mairena v. State*, 6 So. 3d 80 (Fla. 5th DCA 2009). On remand, the trial court found Petitioner competent. Thereafter, pursuant to a plea agreement, Petitioner entered a plea of guilty to attempted capital sexual battery. In accordance with the plea agreement, the court sentenced Petitioner to a twenty-year term of imprisonment. Petitioner did not appeal.

Petitioner subsequently filed a petition for belated appeal. The Fifth District Court of Appeal of Florida granted the petition. Nevertheless, the appeal was later dismissed because Petitioner failed to pay the filing fee or file a certified copy of the lower court order of insolvency. (Doc. No. 11 at 2; App. A.)

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state court denied the motion. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.   Legal Standards

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

    **B.**    *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.  Analysis

    *A.  Claim One*

Petitioner asserts that "counsel rendered ineffective assistance by inducing him to plea [sic] guilty where he promised [Petitioner] that he would receive only a 15 years [sic] state prison term."  (Doc. No. 1 at 4.)  Petitioner contends that he is entitled to specific performance of his attorney's promise to receive a fifteen-year sentence.  *Id.*

Petitioner raised this claim in his Rule 3.850 motion.  The state court denied the claim, reasoning that counsel informed Petitioner of the State's fifteen-year plea offer,

5

which he rejected. (App. C at 2.) The state court determined, therefore, that Petitioner had no right to specific performance. *Id*.

"[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). The Supreme Court of the United States has further held:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 1409. Nevertheless, when a defendant "complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (quoting *Hill,* 474 U.S. at 59).

The record reflects that Petitioner signed a plea agreement whereby he agreed to enter a plea of guilty to attempted capital sexual battery in exchange for a twenty-year term of imprisonment. At the plea hearing, Petitioner affirmed that he had read the plea

agreement, understood it, and knew that he was subject to a twenty-year term of imprisonment under the agreement. (App. E at 6, 8-9.) Petitioner told the state court that he had not had any medication within twenty-four hours of the plea hearing, no one had coerced him to enter the plea, and he was satisfied with his counsel's representation. *Id*. at 9. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Moreover, counsel for Petitioner notified the state court at the plea hearing that the State had made two prior plea offers of ten years and fifteen years, which Petitioner had rejected. *Id.* at 12-13. Petitioner did not refute counsel's representation to the court nor did he complain that counsel failed to either advise him of those offers or explain the offers to him. *Id.* at 13.

In light of the record, the Court concludes that counsel advised Petitioner of the State's two prior plea offers and Petitioner rejected these offers. Additionally, before Petitioner rejected these plea offers, he had gone to trial, been convicted, and was sentenced to the mandatory term of life in prison; however, the Fifth District Court of Appeal of Florida remanded the case based on a competency issue. Thus, when Petitioner rejected the State's plea offers, he knew that he was subject to a mandatory term of life in prison if he was found guilty as charged.

At the time of the plea hearing, Petitioner understood that he would be sentenced

7

to a twenty-year term of imprisonment under the plea agreement. To the extent Petitioner now argues that counsel may not have considered that Petitioner was taking psychotropic medications and these medications may have influenced his decision to reject the previous plea offers, this argument is speculative. Petitioner never told the state court at the plea hearing that he did not understand the State's prior offers, that he wished to accept them, or that any medications impeded his ability to understand counsel's advice or to accept the offers. In sum, Petitioner has failed to demonstrate deficient performance or prejudice. Accordingly, claim one is denied pursuant to Section 2254(d).

    B.    *Claims Two and Four*

In claim two, Petitioner contends that the trial court violated his right to due process by failing to order a presentence investigation report before sentencing him. In claim three, Petitioner asserts that the trial court abused its discretion by imposing court costs and fees without advising him that he was entitled to a hearing on the matter.

Petitioner raised these claims in his Rule 3.850 motion. The state court denied relief. The state court determined that claim two was procedurally barred and without merit because Petitioner was sentenced pursuant to the plea agreement.[2] (App. C at 3.) With respect to claim three, the court determined that a hearing was not required by state

---

[2] Respondents have not asserted that this claim is procedurally barred from review by this Court. Thus, this argument is deemed waived.

8

law before the court could impose fees and costs. *Id*.

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "[i]n *the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

Claims two and three are based exclusively on state law matters that are merely "couched in terms of equal protection and due process." *Willeford*, 538 F.2d at 1198. Because these claims raise matters of state law only, they must be denied.[3]

---

[3]The Court notes that any error in failing to order a presentence investigation report was harmless because Petitioner was sentenced pursuant to the terms of the plea agreement. Likewise, Petitioner has not demonstrated that the state court's imposition of fees and costs pursuant to state law was contrary to, or an unreasonable application of, clearly established federal law.

9

### C. Claim Four

Petitioner asserts that counsel rendered ineffective assistance by failing to present mitigation evidence. In support of this claim, Petitioner argues that counsel should have presented evidence of Petitioner's history of mental illness, which would have given the trial court discretion to depart from the statutory minimum sentence of eighty-eight months.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief, reasoning that the trial court had no discretion to modify the sentence included in the plea agreement. (App. C at 4) (citing *State v. Brooks*, 890 So. 2d 503 (Fla. 2d DCA 2005)).

Pursuant to Florida law, circuit courts err by granting motions to reduce and mitigate a sentence that is the result of a negotiated plea agreement. *See, e.g., State v. LaFave*, 113 So. 3d 31, 35 (Fla. 2d DCA 2012) (noting that in *State v. Brooks*, 890 So. 2d 503 (Fla. 2d DCA 2005), the court held that "the circuit court erred in granting the defendant's motion and mitigating her original prison sentence to probation because the original prison sentence was a result of a negotiated plea agreement with the State."); *State v. Swett*, 772 So. 2d 48, 52 (Fla. 5th DCA 2000) ("The trial court erred in reducing the incarcerative portion of the sentence at the mitigation hearing where said sentence was imposed as part of a negotiated plea."). Thus, counsel was not deficient for failing to present mitigation evidence nor was Petitioner prejudiced as a result. Accordingly, claim four is denied pursuant to Section 2254(d).

### D.     Claim Five

Petitioner asserts that his right to equal protection was violated because the Fifth District Court of Appeal of Florida dismissed his appeal based on his inability to pay the filing fee after granting his state petition for writ of habeas corpus.   Respondents maintain that this claim is unexhausted and procedurally barred from review.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.   28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999).   In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."   *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).   The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.   *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

Review of the record establishes that Petitioner never raised an equal protection claim in the state court.   The Court, therefore, is precluded from considering Petitioner's claim, absent an exception, because it would be procedurally defaulted if Petitioner returned to state court.   *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would

11

be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise this claim, and it is procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has not shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's claim is procedurally barred from review.

Alternatively, the Court notes that Petitioner has not demonstrated that an equal protection violation occurred based on the dismissal of his appeal. The Supreme Court of the United States has held a State cannot "'constitutionally require . . . an indigent defendant in a criminal case (to) pay a filing fee before permitting him to file a motion for leave to appeal in one of its courts.'" *Smith v. Bennett*, 365 U.S. 708, 710 (1961) (quoting

*Burns v. State of Ohio*, 360 U.S. 252, 253 (1959)). "[O]nce the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty." *Burns*, 360 U.S. at 257.

In the instant case, Petitioner's appeal was not dismissed because he could not pay the filing fee. Instead, Petitioner was granted a belated appeal, and the Fifth District Court of Appeal of Florida ordered Petitioner to either file a "Certified Copy of a lower court Order of Insolvency" or pay the filing fee. (Doc. No. 17-1 at 10.) Thereafter, Petitioner filed a motion to proceed in forma pauperis in the Fifth District Court of Appeal of Florida. (Doc. No. 17-1 at 12.) The state appellate court treated the motion as one for an extension of time to comply with the court's prior order directing Petitioner to file an application in the trial court for an order of insolvency. *Id*. at 13. The Fifth District Court of Appeal provided Petitioner almost one additional month, until June 9, 2010, to comply with its order. *Id*. Nevertheless, Petitioner failed to comply with the order by filing an order of insolvency from the lower court. (Doc. No. 11 at 2.) As a result, on June 22, 2010, the Fifth District Court of Appeal dismissed the appeal. (App. A.)

The Fifth District Court of Appeal of Florida did not prevent Petitioner from filing an appeal because he was indigent. Neither did the court prevent him from proceeding in forma pauperis or dismiss his appeal simply because he could not pay the appellate filing fee. Instead, the court instructed Petitioner how to seek to proceed in forma pauperis pursuant to state law and directed Petitioner to comply with state law

13

requirements within a reasonable period of time.  Petitioner failed to do so, and for that reason, his appeal was dismissed.  In sum, Petitioner has not established that his right to equal protection was violated based on the dismissal of his appeal.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.  However, a prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district

14

court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Humberto Mairena is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 12th day of May, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 5/12
Counsel of Record
Humberto Mairena